The Chief Justice, after stating the case, delivered the opinion of the Court to the following effect:
M‘Kean, Chief Justice.
As a discharge under the insolvent laws, while it exempts the person from future molestation, leaves the effects of the Defendant for ever liable to the demands of his creditors, the discharge obtained by the Defendant in Error, can have no operation in the decision of this cause.
A question has been made, whether the Plaintiff in Error might have defalked his bond under the English statutes; the first of which takes notice of mutual debts, &c. The Judges there were, indeed, of opinion, that only debts of the same dignity could be set off; but for this, I can discover no good and satisfactory reason; and a remedy was afterwards provided by a subsequent statute, which declares, that debts of different natures may be defalked.
The true ground, however, for the decision of this cause, arises from the construction of the several Acts of Assembly for the relief *456 of insolvent debtors, for the assigning of bonds, and for defalcation: And the last of these Acts says, that “if two or more, dealing toge- " ther (which words are not to be found in either of the English sta- “ tutes) be indebted to each other upon bonds, &c,” when an action is commenced, the Defendant may plead payment, and give his bond, &c. in evidence against the Plaintiff’s demand.
If then, the obligee could have defalked the bond in question, (of which, we think, no doubt can reasonably be entertained) and he has legally assigned all his right and interest in it to the Plaintiff in Error, why should not the assignee be entitled to the same advantage, since the Act for the assignment of bonds has placed him on the same footing ?
There is another clause in the Defalcation Act, which provides, that where a Plaintiff and Defendant have accounts to produce one against another, they may refer them, and the report of the referrees shall have the effect of a verdict: Now, although the words are confined to the case of accounts, yet the construction of the Act has liberally extended the right and benefit of such a referrence, to every other cause of action.
For the sake of Justice, and to prevent an odious multiplication of lots, we think, that the same liberality should be exercised in the case before us; and are unanimously of opinion, that the Judgment of the Court below ought to be reversed.
Judgment reversed.